**GABRIEL J. FISCHBARG, ESQ.** **MEMO ENDORSED**
ATTORNEY AT LAW
230 PARK AVENUE, SUITE 900
NEW YORK, NEW YORK 10169

TELEPHONE (917) 514-6261                                CELLULAR (917) 514-6261
TELECOPIER (917) 525-2099                               EMAIL: FIS123@YAHOO.COM

February 27, 2020

Judge Kenneth M. Karas
U.S. District Court
300 Quarropas Street
White Plains, NY 10601

    RE: <u>Panos v. Universal Forest Products, Inc.</u>, Case No. 7:18-cv-2066

Dear Judge Karas:

I am attorney for plaintiff.

This is to respectfully request an adjournment of the status conference scheduled on <u>March 5, 2020</u> because I am actually engaged in a previously scheduled arbitration proceeding on that day.

I have conferred with opposing counsels and we are all available anytime on <u>March 20, 2020</u> if the Court is also available that day.

This is also to request a pre-motion conference because plaintiff respectfully requests permission to file a motion to certify the Court's January 27, 2020 Order ("Order" - Docket No. 60) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and to stay proceedings in this Court pending the Second Circuit's resolution of the § 1292(b) appeal. Plaintiff has filed a timely appeal of the Order. Plaintiff would prefer <u>not</u> to proceed with his post-March 7, 2012 claims <u>if</u> he cannot also proceed with his pre-March 7, 2012 claims that were dismissed by the Order.

The issue as to whether the Second Amended Complaint properly invoked the continuing violation doctrine is clearly appropriate for immediate appeal under § 1292(b): it is purely a legal question involving the interpretation of a discrete issue, and thus does not depend upon the development of any facts in this case; there are substantial grounds for disagreeing with the

Court's resolution of it; and if the Second Circuit affirms the Order, then plaintiff will not proceed with his post-March 7, 2012 claims thereby ending the case.

A stay pending the § 1292(b) appeal will conserve both the parties' and the Court's resources. A stay will avoid costly discovery and motion practice, all of which may be mooted by a ruling from the Second Circuit that affirms the Order. Thus, a stay will not prejudice defendant.

Alternatively, plaintiff can agree to reduce his post-March 7, 2012 claims to below $75,000 thereby divesting the Court of subject matter jurisdiction and converting the Order to a final judgment appealable as of right.

Respectfully submitted,

/s/
Gabriel Fischbarg

cc: Gary Mouw, Esq.

Plaintiff's request for adjournment is granted. The status conference will take place on April 2, 2020 at 12 p.m. Defendants are directed to respond to this letter by Wednesday, 3/4/2020.

So ordered.

2/28/2020